# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANK PETERSON.**<br>203 Yochum Parkway #1618<br>Alexandria, Virginia  22304<br><br>        Plaintiff<br>v.<br><br>STEPHEN T. AYERS<br>ACTING ARCHITECT OF THE CAPITOL<br>Ford House Office Bldg.<br>2nd and D St. S.W.<br>Washington, D.C.  20515<br><br>        Defendant | CASE NO:<br><br><br><br><br><br>**COMPLAINT**<br><br>(Jury demand endorsed hereon) |

For his cause of action against this Defendant, Plaintiff Frank Peterson states:

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant employed the Plaintiff, an African-American male, and that Plaintiff was an excellent employee. When Plaintiff suffered employment related discriminatory treatment, Plaintiff wrote a letter to Senator Jim Webb, of Virginia. Defendant employer's management then began an increased program of retaliation. The original discrimination against Plaintiff in this employment was based upon Plaintiff's race and age.

## II. THE PARTIES

2. Plaintiff Frank Peterson is at all times material hereto a 51 year old male citizen of the Commonwealth of Virginia, and a resident of the City of Alexandria. Plaintiff had been

-1-

of the Commonwealth of Virginia, and a resident of the City of Alexandria. Plaintiff had been employed since 1989. Plaintiff is employed at the Senate Office Buildings, Air Conditioning Sector, Gen. Maintenance Night Section.

3. The Architect of the Capitol is responsible to the United States Congress for the maintenance, operation, development, and preservation of the United States Capitol Complex, which includes the Capitol, the congressional office buildings, the Library of Congress buildings, the Supreme Court building, the U.S. Botanic Garden, the Capitol Power Plant, and other facilities. Legislation enacted in 1989 provides that the Architect is to be appointed for a term of ten years by the President, with the advice and consent of the Senate, from a list of three candidates recommended by a congressional commission. Upon confirmation by the Senate, the Architect becomes an official of the Legislative Branch as an officer and agent of Congress; he is eligible for reappointment after completion of his term. On February 4, 2007, Stephen T. Ayers, AIA, AOC's Deputy Architect/Chief Operating Officer, in accordance with P.L. 108-7, began serving as Acting Architect of the Capitol until a new Architect is appointed by the President and confirmed by the Senate.

### III. JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 USC § 1331. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District.

### IV. CAUSE OF ACTION

5. This action is brought by Plaintiff to enforce the provisions of Title II of the Congressional Accountability Act of 1995, as amended, 2 U.S.C. § 1301, et seq., and the ADEA

29 USC 633 et seq; and, 42 U.S.C. § 2000e-(a) et seq.

6. Defendant Architect of the Capitol is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant has discriminated against Plaintiff Frank Peterson, on the basis of his race, age and reprisal in violation of Section 201, 207 of the Congressional Accountability Act.

8. Plaintiff has been denied training, a grade increase, and equal pay, Peterson was employed as a permanent laborer WG-3502-04, as of January 15, 1989. On October 21, 2001, Plaintiff was promoted to the position of Air Conditioning Equipment Mechanic Helper WG-5306-05/08/10. This is a career ladder position with promotion potential to the Air Conditioning Mechanic WG-5306-10 grade level. Plaintiff's most recent promotion was on October 2, 2005, to the level of WG-5306-08

9. In May 26, 2008, Plaintiff wrote a letter to his senator, Senator Jim Webb from the Commonwealth of Virginia, about the loss of pay grade from his position of plumber. On June 3, 2008, Plaintiff searched the computer and learned that his supervisor Kevin Richmond had retaliated against Plaintiff regarding his plumbing skills stating that Plaintiff's skills were deficient. On June 9, 2008, Kevin Richmond acted hostile towards Plaintiff and threatened to demote him from paygrade 10 as the result of the letter that Plaintiff wrote to his senator. On March 16, 2007, Plaintiff filed a complaint with the EEO/CP (Conciliation Program Division).

10. Plaintiff's training, background, education, and experience qualified him for advancement to the next level or position.

11. As a direct and proximate result of Plaintiff's race, as a black man, and his age,

Plaintiff was treated differently from his white co-workers, in assignment and unequal pay. This treatment of Plaintiff is in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

12. Plaintiff was the victim of racially disparate treatment during his employment at the Defendant's government agency, which adversely affected the terms, conditions and privileges of his employment; and which failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff during his employment.

13. This conduct was the product of intentional discrimination by Defendant. This was the result of Defendant's selection of a person to fill the position sought by Defendant, based upon race, and not upon qualifications. Defendant made the decisions which adversely affected the Plaintiff's employment as the result of malice or reckless indifference to the federally protected rights of Plaintiff.

14. Conditions precedent to the filing of this suit have been performed or have occurred. Based upon these violations of statute, on March 16, 2007 Plaintiff timely filed a charge of discrimination with the EEO/Conciliation Programs Div. as Case no. 08-AC- 54, in which Plaintiff alleged that he had been subjected to age and racial discrimination during his employment with the Defendant.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and prays that the Court grant the following relief:

(a) Enjoin the Defendant from failing or refusing to:

   (i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against him as alleged in this complaint; and

   (ii) take other appropriate nondiscriminatory measures to overcome the effects of the

acts and words.

20. As a result of these actions by defendant's employee's plaintiff experienced severe mental and emotional distress.

## COUNT THREE
### (RETALIATION)

21. Plaintiff incorporates all prior allegations contained in paragraphs one through twenty into paragraph twenty-one of Count Three.

22. When plaintiff engaged in protected activity by complaining about the sexual Harassment, she had experienced, defendant's agents retaliated against her by asking her to step down as a Shop Steward.

23. As a result, plaintiff suffered emotional distress and any extra income and\or seniority or status she would have enjoyed as a Shop Steward.

## DEMAND

Wherefore, plaintiff demands judgment in her favor and an award of compensatory damages in the amount of $300,000 and an award of punitive damages in the amount of $300,000.00 plus attorney's fees and costs.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

James Q. Butler, D.C.. Bar #290014
Butler Legal Group, PLLP
818 18th Street, N.W., Suite 1010
Washington, D.C. 20006
202-223-6767
Attorney For Plaintiff